# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 11-20138
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSARIO GOMEZ MAYO, also known as Rosario Gomez, also known as Angel Gomez, also known as Rosario Gomez-Mayo, also known as Rosorio Mayo Gomez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-607-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rosario Gomez Mayo (Gomez) appeals his sentence following his guilty plea conviction to illegal reentry following previous deportation. Gomez contends that his sentence of 30 months of imprisonment, which was the result of an upward departure, is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing the departure. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the district court improperly relied on his previous deportations when imposing the departure. Gomez further contends that his sentence is substantively unreasonable because the district court failed to consider his "cultural assimilation into the United States as a basis for a downward departure."

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for "reasonableness." *Gall v. United States*, 552 U.S. 38, 46 (2007). Gomez did not object to the procedural or substantive unreasonableness of his sentence. Thus, as he acknowledges, his arguments are reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2006). To show plain error, Gomez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Gomez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record reflects that the district court provided adequate reasons for the upward departure as it adopted the presentence report and stated orally and in its written statement of reasons that it was departing upward based on the inadequacy of Gomez's criminal history score, as well as his repeated disregard for the laws of the United States. *See United States v. Zuniga-Peralta,* 442 F.3d 345, 347 (5th Cir. 2006). Further, Gomez's repeated illegal reentries into the United States are sufficient to support an upward departure. *See United States. v. Lopez-Velasquez*, 526 F.3d 804, 805 (5th Cir. 2008). Additionally, there is no indication in the record that the district court was under the mistaken impression that it could not depart downward. Thus, this court lacks jurisdiction to review the denial of the downward departure. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006).

AFFIRMED.